# EXHIBIT C

COMMONWEALTH OF MASSACHUSETTS

BARNSTABLE COUNTY, ss.                          SUPERIOR COURT
                                                CIVIL ACTION NO.:

| | |
|---|---|
| MARIAH WEBER, Individually and | ) |
| as Parent and Next Friend of | ) |
| Eve DeCosta, Minor | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| AMAZON.COM SERVICES, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## PLAINTIFF'S COMPLAINT

COMES NOW, Plaintiff, Mariah Weber, Individually and as Parent and Next Friend of Eve DeCosta, a Minor, by and through counsel, and brings this Complaint against Defendant, Amazon.com Services, LLC ("Amazon"), alleging upon information and belief as follows:

## INTRODUCTION

1.      This is an action to seek recovery for permanent and life altering injuries suffered by Plaintiff and her child due to a defective child bike seat ("Subject Child Bike Seat") that lacked foot pedal straps to prevent injury to both the child and adult users. The Subject Child Bike Seat was sold by an entity that likely has no ability to be sued in Massachusetts, "Innolife," that Amazon knew or should have known was exploiting its FBA service to sell unsafe products that are and were likely to cause harm to Amazon consumers through "Amazon Seller" Nie Chao. Amazon knew or should have known about the dangerous condition of the Subject Child Bike Seat before it sold the product to Plaintiff. Amazon has established seller provisions meant to weed out dangerous products like this one and has taken a negligent, but nevertheless, hands on approach to consumer safety. Amazon can properly be sued for their failed promises and direct role in allowing

1

products in dangerous conditions made and exported from foreign sellers into the Commonwealth of Massachusetts. It is by and through Amazon and Amazon alone that this tragic event was made possible. Amazon must be held to answer for its own negligent distribution, retailing and sale of the defective Subject Child Bike Seat.

2.      In fact, this entire accident was the foreseeable result of Defendant's marketing of shotty children's products as safe that are not designed for safety, tested for safety, nor adequately monitored to ensure safety. Defendant's business instead focusses on recklessly promoting any product and willfully disregarding its obligation as a distributor and retailer to provide safe products. Defendant does this because it defiantly believes it has no obligation to its customers nor the general public as a distributor and retailer. Amazon's business model relies on the concept that the rules do not apply to Amazon. Massachusetts law disagrees.

3.      Plaintiff hereby brings this lawsuit to hold "The World's Largest Retailer" to the same safety standards as the brick and mortar stores their business model has eviscerated and to seek recovery for the injuries that she and her child sustained due to the defective Subject Child Bike Seat.

## PARTIES

4.      Plaintiff is a citizen and resident of Framingham, Barnstable County, Massachusetts, United States.

5.      Eve DeCosta is a minor child of Plaintiff who was also injured during the tragic and preventable event.

6.      Defendant Amazon.com Services, LLC, (herein after "Amazon") is a corporation organized and existing under the laws of Delaware, with its principal place of business at 410 Terry

Avenue North Seattle, WA 98109. Defendant Amazon may be served at Corporation Service Company, 84 State St. Boston, MA 02109.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction as the Plaintiff is a citizen of the Commonwealth of Massachusetts residing in Barnstable County, Massachusetts, and the amount in controversy exceeds the minimum jurisdictional requirements of this Court, exclusive of interest and costs.

8.      Defendant Amazon is subject to the in personam jurisdiction of this Court, and venue is proper because Defendant Amazon performed its distribution and retail activities within the Commonwealth of Massachusetts and has had continuous and systematic contacts with the Commonwealth of Massachusetts, thereby consenting to jurisdiction in the Commonwealth of Massachusetts. Upon information and belief, Defendant Amazon also advertised in the Commonwealth of Massachusetts, made material omissions and representations in this Commonwealth, and breached warranties in this Commonwealth.

## FULFILLED BY AMAZON REGIME

9.      Amazon created the distributive chain for the Subject Child Bike Seat.

10.     Amazon put out the product by establishing the Fulfilled by Amazon service that allows foreign entities the ability to import products directly from China to Amazon warehouses where they are stored by Amazon for a fee before being distributed through its Amazon sales network into the Commonwealth.

11.     Amazon is a distributor under federal and state law for products sold under the Fulfilled by Amazon program.

12.     The Subject Child Bike Seat was a Fulfilment by Amazon product which is no different than a product sold through traditional retail.

3

13. Amazon operates an online marketplace for consumers – amazon.com – that includes listings for consumer products, as that term is defined at Section 3(a)(5) of the CPSA, 15 U.S.C. § 2052(a)(5).

14. Through amazon.com, Amazon offers an e-commerce marketplace in which Amazon and merchants can connect with consumers via the internet, expanding sales opportunities beyond traditional brick-and-mortar and direct retail sales channels.

15. Merchants enter into a business arrangement with Amazon to participate in Amazon's consumer marketplace, which includes a Business Services Agreement and, for Amazon's FBA program, FBA policies and requirements. Products offered for sale on amazon.com appear on webpages known as product listings and are identified by Amazon Standard Identification Numbers, or ASINs, assigned by Amazon.

16. Amazon offers consumer products for sale on amazon.com as a distributor through its FBA program, and through its Merchant Fulfilled Network ("MFN"), for which merchants generally ship products directly to consumers.

17. The majority of Amazon's sales occur through its FBA program including in this case. The sale of the Subject Child Bike Seat occurred through the FBA program.

18. Amazon offers a variety of services in furtherance of bringing its FBA products to consumers' doorsteps. These services include, but are not limited to, storing FBA products at Amazon fulfillment centers, stocking and maintaining an inventory of FBA products, and administering additional sorting and shipping services, including the use of Amazon employees to interact with the product, categorize it with the help of computers and robots, label it, and move it through the distribution process. Additional services include Amazon's retrieval of FBA products from the merchant's inventory, placement of FBA products in a shipping container, delivery of

4

FBA products directly to consumers' doorsteps in Amazon delivery vehicles or via a shipping carrier Amazon procures, approval of all FBA ASINs, provision of 24/7 customer service, and processing all FBA product returns.

19.    Amazon maintains electronic records that track inventory of all products stored in Amazon Fulfillment Centers or other Amazon warehouses or facilities. Using these electronic records, Amazon employees are able to retrieve and ship products ordered by consumers on amazon.com.

20.    As part of the FBA program, Amazon ships FBA products to consumers who place orders on Amazon's online marketplace. Amazon reserves the right to combine products from inventories of multiple merchants into one shipment. Amazon employees, with the assistance of electronic records and automation at the facilities, physically ship or cause to be shipped through a shipping carrier the FBA products ordered by consumers.

21.    Amazon's contracts with merchants participating in the FBA program state that the merchants retain legal title to their products even while the products are stored, sorted, and delivered to consumers from Amazon's facilities. However, these contracts also state that when consumers return an FBA product, the consumers ship the products back to Amazon, not the merchant. When a product is returned, Amazon inspects the FBA product and determines whether the product can be resold. If Amazon determines that the FBA product can be resold, Amazon returns the product to the inventory at the applicable Amazon facility. If Amazon determines that the product cannot be resold, the merchant may choose to have it sent to its own facility.

22.    The contracts between Amazon and merchants also state that Amazon: (a) has the authority to format the product's listing on its online marketplace, which includes how a listing is displayed to consumers; (b) may reject products that Amazon determines are illegal, sexually

explicit, defamatory, or obscene; (c) will require merchants to communicate with their customers exclusively through Amazon's platform; and (d) shall process payments for all purchases of the FBA products, charge the payment instrument designated in each individual consumer's account, and remit the agreed-upon monies to the merchant minus the service fees due to Amazon set forth in the applicable contracts.

23. Amazon also controls the recall process for these products and holds insurance policies to pay for liabilities associated with personal injuries from the products it sells through the FBA regime.

24. Upon information and belief, though the amount varies depending on the product, Amazon's FBA fees can amount to as much or more than 40% of the sales price of a given product.

25. In addition, Amazon polices the prices charged by merchants listing products on amazon.com through its Fair Pricing Policy, which gives Amazon the right to take action against merchants for pricing that harms consumer trust. The Fair Pricing Policy provides that "[p]ricing practices that harm customer trust include, but are not limited to: . . . setting a price on a product or service [on amazon.com] that is significantly higher than recent prices offered on or off Amazon."

26. Consumers who purchase FBA consumer products on amazon.com may reasonably believe they are purchasing the products from Amazon. While the ASIN includes "Sold by [merchant]" in small print underneath the "Buy Now" link, Amazon only explicitly identifies the role of third parties in its FBA program at paragraph 16 of its "Conditions of Use" for its website.

27. Through its instate actions Amazon is a "distributor" of a "consumer product" that is "distributed in commerce," for its FBA products as those terms are defined in the CPSA. In sum, Amazon acts as a "distributor" of its FBA products by: (a) receiving delivery of FBA

6

consumer products from a merchant with the intent to further distribute the product; (b) holding, storing, sorting, and preparing for shipment FBA products in its warehouses and fulfillment centers; and (c) distributing FBA consumer products into commerce by delivering FBA products directly to consumers or to common carriers for delivery to consumers.

28.     Therefore, Amazon should be held liable for the defective Subject Child Bike Seat.

## FACTUAL ALLEGATIONS

29.     On June 6, 2023, Plaintiff purchased the Subject Child Bike Seat from Amazon.com via the FBA distribution network. Plaintiff relied on the marketing messaging endorsed and approved by Amazon who actively furthered the marketing of the product through its own product controls. Plaintiff even paid for the product partially paying for the product by using Amazon rewards designed to further spending on FBA products like the Subject Child Bike Seat.

30.     On June 13, 2023, Plaintiff received the Subject Child Bike Seat after it was fulfilled by Amazon.

31.     On July 14, 2023, Plaintiff used the Subject Child Bike Seat for the first time while on vacation in Cape Cod riding on the Cape Cod Rail Trail.

32.     The Subject Child Bike Seat was properly installed on the Plaintiff's bike and was used in a foreseeable way consistent with the products instructions and warnings at all times.

33.     During the ride, Plaintiff's minor child, Eve DeCosta's, foot slipped into the front spoke of Plaintiff's bike.  Her foot was only able to slip into the front spoke because the Subject Child Bike Seat failed to include safety straps or a means of ensuring that the child users foot would remain in a safe and proper location during use.  Safer alternative designs with features to affix the child's feet to the frame of the child bike seat existed and were sold on Amazon's website. Amazon knew or should have known, based on the information it had available and its own

7

expertise as a retailer, distributor and seller, that a product without these features presented an unreasonably dangerous condition that threatened the safety of the users.

34.    When Plaintiff recognized that Eve DeCosta's foot had slipped into the spokes it became lodged between the moving tire and the spokes. Plaintiff's motherly instincts led her to actively protect her child from harm as they both fell to the ground. Plaintiff's efforts to shield her child from harm were largely successful, but as a result caused substantial and permanent harm to Plaintiff herself. Moreover, despite her best efforts, Eve DeCosta sustained injuries during the incident.

35.    Plaintiff files this instant lawsuit seeking recovery for the injuries that Eve DeCosta suffered as well as the injuries she herself suffered during the fall that was entirely caused by the defective Subject Child Bike Seat.

36.    Plaintiff's injuries suffered were both factually and proximately caused by the defective and unreasonably dangerous Subject Child Bike Seat that Defendants collectively manufactured, designed, marketed, distributed, sold and otherwise placed into the stream of commerce.

37.    Plaintiff's injuries were both factually and proximately caused by the negligence of the Defendants including specifically Defendant Amazon who knew or should have known of this exact dangerous condition well before it distributed, retailed and sold the Subject Child Bike Seat to Plaintiff.

38.    As such Plaintiff is entitled to recover for all economic and special damages incurred, including but not limited to damages for surgeries, rehabilitative services, follow up doctor visits and all expenditures incurred as a result of the additional operations and follow-up procedures for both herself and Eve DeCosta.

8

39.     Plaintiff is further entitled to recover for all noneconomic and compensatory damages allowed by law, including, but not limited to, pain and suffering for all pain and suffering that she and Eve DeCosta have incurred as a result of the defective product, the follow-up surgery, rehabilitation, and constant pain that occurs as a result of the failure of the product.

## CLAIMS FOR RELIEF

### COUNT I
### (General Negligence and Negligent Undertaking)

40.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further allege as follows:

41.     Amazon owed a duty to properly vet, design, manufacture, produce, sell, supply, and distribute the subject bicycle so that it was in a safe condition and without defects.

42.     Amazon owed a duty to adequately test, inspect, and assure the quality of the subject bicycle before placing it into the stream of commerce.

43.     Amazon owed a duty to provide adequate warnings, instructions, and information with the subject bicycle before distributing the subject bicycle to Plaintiff.

44.     Amazon owed a duty to provide a Child Bike Seat that was safe for use.

45.     Amazon as the marketer, advertiser and distributor of the Subject Child Bike Seat was careless, reckless and negligent in the testing, inspection, manufacture, sale and marketing of the Subject Child Bike Seat, making it unfit and/or unreasonably dangerous to its users.

46.     Amazon.com undertook to vet the safety of products it sold in its marketplace for the express purpose of protecting its consumers from defective products.

47.     Amazon breached this duty when it failed to exercise reasonable care when performing product safety reviews of the Subject Child Bike Seat or otherwise failed to ensure that the Subject Child Bike Seat was safe for it ordinary use.

9

48.     Plaintiff relied on Amazon to vet the safety of baby products that it allowed to be sold through its Fulfillment by Amazon program.

49.     Plaintiff relied on Amazon to vet the safety of baby product that Amazon recommended as a "Prime" product.

50.     Plaintiff's reliance on Amazon was reasonable and induced by Amazon's own actions.

51.     Plaintiff relied on Amazon to ensure that the products that it licensed to be sold on Amazon.com were manufactured and imported by reputable companies and safely designed to adequately protect the users during use.

52.     Plaintiff relied on Amazon to confirm that baby products it licensed to be sold on its marketplace actually conformed to the industry standards for safety.

53.     Plaintiff relied on Amazon to provide post market surveillance of the products it sold and to recall dangerous products that were known to malfunction or fail.

54.     Plaintiff relied on Amazon to competently enforce its own safety policies that it promoted on its website were enacted to protect the safety of its consumers.

55.     Amazon breached these duties by selling, distributing and providing a product that it knew or should have known was unreasonably dangerous in design and carried inadequate and wholly defective warnings. Amazon knew or should have known that the Subject Child Bike Seat posed a risk to all users of serious injury because the child's feet were likely to end up eventually caught in the spokes of the bike. Amazon had prior reports of this exact event occurring and failed to warn Plaintiff of this known risk and failed to mitigate a defective design it knew was reaching the market wholly due to its services from reaching the market.

10

56.     Defendant Amazon's breach of the above duties actually and proximately caused injury and damage to Plaintiff.

**WHEREFORE**, Plaintiff demands judgment and damages against Defendant Amazon in a sum to be determined by the trial of this action, plus interest and costs as provided by law.

## COUNT III
### (Breach of Implied Warranties)

57.     Plaintiff realleges and incorporates by reference the allegations set forth above as if set forth herein.

58.     On March 20, 2024, Plaintiff delivered a notice of claims under the UCC. *Nugent v. Popular Markets, Inc.*, 353 Mass. 45, 49, 228 N.E.2d 91, 93 (1967) ("The content of the notification need merely be sufficient to let the seller know that the transaction is still troublesome and must be watched").

59.     Plaintiff has maintained and preserved the Subject Bike and Subject Child Bike Seat in the same manner as they had been immediately following the accident.

60.     As a merchant relative to the manufacture, sale and distribution of the Subject Child Bike Seat, familiar with the particular purpose for which the Child Bike Seat was sold to the Plaintiff, was obligated to produce Child Bike Seats that, at minimum are safe for use by individuals.

61.     Defendant Amazon impliedly warranted that its product was safe, free of defects, merchantable and fit for its intended purpose, pursuant to the UCC 2-314, 2-315, 2-316 et seq.

62.     As set forth above the Subject Child Bike Seat was not safe, was unfit, was not free from defects and was not of merchantable quality for the reasons stated above.

63.     The Plaintiff reasonably relied upon the compliance of Defendant Amazon, its agents, servants and employees, to these implied warranties, all to her detriment and loss.

11

64.    The violation of these warranties was a proximate cause and substantial factor in causing the harm alleged herein.

65.    As a direct result of the breach of implied warranties of Defendant Amazon, the Plaintiff suffered serious and permanent personal injuries and damages consisting of, but not limited to the following: past, present and future medical bills and expense, permanent scarring, physical pain and suffering, severe mental pain and anguish, and all other damages recognized under law and statute.

**WHEREFORE**, Plaintiff demands judgment and damages against Defendant Amazon in a sum to be determined by the trial of this action, plus interest and costs as provided by law.

### COUNT III
### (Breach of Express Warranties)

66.    All previous paragraphs are re-alleged and incorporated by reference as if set forth fully herein.

67.    On March 20, 2024, Plaintiff delivered a notice of claims under the UCC. *Nugent v. Popular Markets, Inc.*, 353 Mass. 45, 49, 228 N.E.2d 91, 93 (1967) ("The content of the notification need merely be sufficient to let the seller know that the transaction is still troublesome and must be watched").

68.    Plaintiff has maintained and preserved the Subject Bike and Subject Child Bike Seat in the same manner as they had been immediately following the accident.

69.    Through its statements, advertisements, promotions, marketing, product brochures, and product information, Defendant Amazon expressly warranted and represented to members of the public, including the Plaintiff that the Subject Child Bike Seat was safe, free of defects and reasonably fit for its intended use.

12

70.    As set forth above the Subject Child Bike Seat was not safe, was unfit, was not free from defects and was not of merchantable quality for the reasons stated above.

71.    The Plaintiff reasonably relied upon the compliance of Defendant Amazon, its agents, servants and employees, to these express warranties, all to her detriment and loss.

72.    The violation of these warranties was a proximate cause and substantial factor in causing the harm alleged herein.

73.    As a direct result of the breach of express warranties of Defendant Amazon, the Plaintiff suffered serious and permanent personal injuries and damages consisting of, but not limited to the following: past, present and future medical bills and expense, permanent scarring, physical pain and suffering, severe mental pain and anguish, and all other damages recognized under law and statute.

**WHEREFORE**, Plaintiff demands judgment and damages against Defendant Amazon in a sum to be determined by the trial of this action, plus interest and costs as provided by law.

## COUNT IV
### (Breach of Merchantability and/or Warranty of Fitness for a Particular Use)

74.    All previous paragraphs are re-alleged and incorporated by reference as if set forth fully herein.

75.    On March 20, 2024, Plaintiff delivered a notice of claims under the UCC. *Nugent v. Popular Markets*, Inc., 353 Mass. 45, 49, 228 N.E.2d 91, 93 (1967) ("The content of the notification need merely be sufficient to let the seller know that the transaction is still troublesome and must be watched").

76.    Defendant Amazon warranted that the Subject Child Bike Seat was fit and reasonably used for the purposes which it was intended.

13

Date Filed 5/9/2024 11:45 AM
Superior Court - Barnstable
Docket Number

77.    The Subject Child Bike Seat described above was not fit for the purpose for which it was intended for the reasons stated above.

78.    The Plaintiff reasonably relied upon the compliance of Defendant Amazon, with this warranty, its subsidiaries, marketers, advertisers, agents, servants and employees to this warranty, all to her detriment and loss.

79.    The violation of these warranties was a proximate cause and substantial factor in causing the harm alleged herein.

80.    As a direct result of the breach of these warranties of Defendant Amazon, the Plaintiff suffered serious and permanent personal injuries and damages consisting of, but not limited to the following: past, present and future medical bills and expense, permanent scarring, physical pain and suffering, severe mental pain and anguish, and all other damages recognized under law and statute.

**WHEREFORE**, Plaintiff demands judgment and damages against Defendant Amazon in a sum to be determined by the trial of this action, plus interest and costs as provided by law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant and requests:

1. Awarding compensatory damages;

2. Awarding pre-judgment and post-judgment interest to Plaintiff;

3. Awarding all statutory damages and relief;

4. Awarding the costs and the expenses of this litigation to Plaintiff;

5. Awarding reasonable attorneys' fees and costs to Plaintiff as provided by law;

6. Awarding punitive damages, where appropriate, to the Plaintiff;

7. Granting Plaintiff equitable relief in the nature of disgorgement;

8. Restitution to remedy Amazon's unjust enrichment; and

9. Granting all such other relief as the Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully Submitted,
Plaintiff, by her Attorneys,
**Morgan & Morgan**

Connor J. Gilbert (BBO# 698647)
155 Federal Street, Suite 1502
Boston, M 02110
(857) 383-4914
cgilbert@forthepeople.com

Dated: May 9, 2024

15